FOX v. MULLER et al.

(City Court of New York, General Term. March 2, 1900.)

ACTIONS—SEVERANCE—WHEN GRANTED.
  An order denying a motion to sever the action after an interlocutory judgment entered on a demurrer to the separate defense of one defendant, and a trial and verdict against all the defendants as to the remaining issues, comes too late, under Code Civ. Proc. §§ 456, 1205, providing for severance of actions against defendants severally liable.

Appeal from special term.

Action by John J. Fox against George Muller and others. From an order denying a motion to sever the action, plaintiff appeals. Affirmed.

The following is the opinion of the lower court (O'DWYER, J.):

"This action was brought to recover upon a check drawn by the defendant Bendit, payable to the order of the defendants Muller, against Bendit as

maker and the Mullers as indorsers. The defendants Muller separately appeared, and interposed an answer, in which, among other things, they set forth two separate defenses. The other defendant also separately appeared and joined issue. The plaintiff demurred to the separate defenses set forth in the answer of the defendants Muller, and upon the trial of the issue of law thereby created the demurrer was sustained, with $35.35 costs, and an interlocutory judgment to that effect entered. Thereafter the issues of fact remaining, created by the answers of the defendants Muller and Bendit, came on for trial, and resulted in a verdict for the plaintiff, and upon this verdict costs against all of the defendants have been adjusted at $112.24, in addition to the sum already allowed in the interlocutory judgment against the defendants Muller. The plaintiff now moves for an order directing that this action be severed, and that judgments be entered against the defendants Muller jointly, and against the defendant Bendit severally, in like manner as if separate suits had been brought against these parties; and the reasons assigned therefor are that the plaintiff is entitled to enter judgment against the Mullers for $35.35 more costs than against Bendit (the said sum being the costs. of demurrer), and that the answers interposed created different issues, the answer of the Mullers creating issues of law and fact on the pleadings, and that of Bendit setting up issues of fact only. It is urged that the plaintiff is entitled to the order asked for, under sections 456 and 1205 of the Code of Civil Procedure. I am of opinion that the provisions of those sections do not apply to a case such as this, where the issues of fact have been tried, and a joint and several judgment justified by the verdict. Furthermore, the costs awarded by the interlocutory judgment cannot be included in the final judgment to be entered upon the verdict. For those costs the plaintiff already has a judgment, and the collection thereof is provided for in section 3233 of the Code of Civil Procedure. The motion should be denied, with $10 costs to the defendant Bendit, to be credited in his favor upon the judgment when entered. Settle order on one day's notice."

Argued before FITZSIMONS, C. J., and CONLAN, J.

William T. Mathias, for appellant.

Hoffman & Hoffman, for respondent Muller.

Max D. Steuer, for respondent Bendit.

CONLAN, J. This is an appeal from an order denying a motion to sever the action after an interlocutory judgment entered upon a demurrer to separate defenses, and a trial and verdict as to the remaining issues. We think the plaintiff has mistaken the meaning of the sections of the Code on which he relies for a reversal of the order, and that the aid of sections 456 and 1205 may not be successfully invoked in his favor.

The order appealed from must therefore be affirmed, with costs, upon the opinion of the court below at special term.

FITZSIMONS, C. J., concurs.